**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1333-17T4

ANDREW T. WOLFE, AS
EXECUTOR OF THE ESTATE
OF MICHAEL E. KANEFSKY,

      Plaintiff-Respondent,

v.

TOWNSHIP OF EAST AMWELL
and CYNTHIA PELLICCIA,

      Defendants-Respondents,

and

KEVIN T. LIPKA,

      Defendant-Appellant.

_____

        Argued April 30, 2019 – Decided September 30, 2019

        Before Judges Yannotti, Rothstadt, and Natali.

        On appeal from the Superior Court of New Jersey, Law Division, Hunterdon County, Docket No. L-0054-17.

        Walter Michael Luers argued the cause for appellant.

Daniel L. Schmutter argued the cause for respondent Andrew T. Wolfe, as Executor of the Estate of Michael E. Kanefsky (Hartman & Winnicki, PC, attorneys; Daniel L. Schmutter, of counsel and on the brief; Steven B. Gladis, on the brief).

Tara Ann St. Angelo argued the cause for respondent Township of East Amwell (Gebhardt & Kiefer, PC, attorneys; Tara Ann St. Angelo, on the brief).

Philip B. Vinick, attorney for respondent Cynthia Pelliccia, joins in the briefs of respondents Andrew T. Wolfe, as Executor of the Estate of Michael E. Kanefsky and Township of East Amwell.

The opinion of the court was delivered by

ROTHSTADT, J.A.D.

Defendant Kevin T. Lipka appeals from the Law Division's October 4, 2017 order denying his motion for reconsideration of an August 4, 2017 order.[1] The August 4 order resolved a dispute between Lipka, plaintiff Andrew T. Wolfe, as Executor of the Estate of Michael E. Kanefsky, and defendant Cynthia Pelliccia, a beneficiary of the Estate, over funds being held by defendant, Township of East Amwell relating to real property owned by Lipka and Kanefsky. Judge Michael F. O'Neill denied Lipka's motion because Lipka failed

---

[1] Plaintiff's brief identifies a June 28, 2017 order, the August 4, 2017 order, and a December 1, 2017 order as the orders from which plaintiff appeals. However, plaintiff's Notice of Appeal (NOA) only identifies the October 4, 2017 order as the subject of the appeal.

to meet his burden on reconsideration as explained in the judge's Statement of Reasons that accompanied his October 4, 2017 order. We affirm because Lipka never presented to the judge three of the four arguments he now raises on appeal and he failed to brief the issue of why reconsideration was not properly denied. Despite those omissions, we also conclude the judge's order was correct, substantially for the reasons stated by Judge O'Neill.

The material facts taken from the motion record relating to the August 4, 2017 order are generally undisputed. Lipka and Kanefsky jointly owned real property in East Amwell. In 2007, they wished to subdivide the property for development and secured final subdivision approval from the East Amwell Planning Board (Planning Board). In 2009, the Planning Board extended the approval through June 20, 2010.

Also in 2009, Lipka and Kanefsky entered into a Developer's Agreement with East Amwell that required them to post approximately $71,400 toward the Township's professional fees and as a performance guarantee. Lipka and Kanefsky also agreed to complete "[a]ll of the work and improvements . . . no later than September 1, 2011," but they reserved the right to seek further extensions from the Planning Board. However, by the time Kanefsky passed away in 2013, the work was incomplete and neither Lipka nor Kanefsky sought

any extensions. After Kanefsky passed away, the Estate conveyed his one-half interest in the property to his beneficiary, Pelliccia, in 2015.

On June 10, 2015, Pelliccia filed a complaint for partition against Lipka, seeking an order for the sale of the property and distribution of the proceeds to her and Lipka, in accordance with their property interests. Lipka filed an answer and counterclaim, seeking partition and reimbursement for one-half of the property's quarterly real estate taxes that he had paid since June 22, 2012, plus interest. He later filed a third party complaint against Wolfe and the Estate, seeking reimbursement of one-half of the real estate taxes for the property he had paid from June 22, 2012 to April 9, 2015, totaling $21,567.95, plus interest.

In December 2015, a different judge appointed a real estate broker in anticipation of ordering the sale of the property. On March 30, 2016, the parties resolved the matter through a consent order in which Lipka agreed to continue to pay the real estate taxes due on the property in full. It further provided that upon the sale of the property, Lipka would be reimbursed from Pelliccia's 50% share of the sale proceeds for the real estate taxes he paid on behalf of Kanefsky and, after his death, on behalf of Pelliccia. Lipka and Pelliccia further agreed to dismiss their pleadings with prejudice and they agreed to "release each other

A-1333-17T4

from all rights, claims[,] and actions which each party has or may have as of the date hereof." Lipka, the Estate, and Wolfe agreed to the same mutual release.

Later in 2016, the Estate discovered that East Amwell still held the escrow payment that was made pursuant to the 2009 Developer's Agreement. Upon discovering the funds, the Estate requested that its share of the deposit be released to the Estate. The Township responded stating that before it could release the funds it required an agreement between Pelliccia, Lipka, and the Estate acknowledging that the Subdivision Approval and Developer's Agreement lapsed, and that the owners abandoned their plan to develop the property. It also required the weeds along the sidewalk of the property be trimmed and maintained. East Amwell's response included a "form of agreement that would satisfy the Township's requirements to proceed with release of the funds."

Pelliccia signed the Township's proposed agreement upon receipt. The Estate made several unsuccessful efforts to contact Lipka to discuss both the agreement and obtaining the release of the escrowed funds. Those efforts included leaving voicemails, sending emails, and sending regular and certified mail, with a copy of the proposed agreement enclosed. According to Lipka, he

never received any emails, regular mail, or certified mail, and his phone did not take voicemails.

Having not received any response from Lipka, on February 10, 2017, the Estate filed a verified complaint in lieu of prerogative writs against the Township, Lipka, and Pelliccia, seeking the following relief: (1) a declaration that the Subdivision Approval was invalid because it had expired and/or been abandoned by the parties; (2) an order for the Township to release the escrowed funds to the Estate; (3) an order allowing the Estate's counsel to hold Lipka's share of the escrowed funds in a trust account, subject to reimbursement; (4) an order for Lipka to pay for one-half of the property's weeding expense; and (5) an order for Lipka to pay the Estate's attorney's fees from his share of the escrowed funds. The Estate later filed a motion to proceed summarily under Rule 4:67-1(b). On May 25, 2017, Lipka filed an answer and counterclaim, arguing that a declaration that the Subdivision Approval had expired would violate the Permit Extension Act of 2008, N.J.S.A. 40:55D-130 to -136.6, and have a negative impact on the value of the property. On June 28, 2017, Judge O'Neill granted the Estate's motion to proceed in a summary matter and set a trial date of July 11, 2017.

On July 5, 2017, Pelliccia's counsel submitted a certification of attorney's services, requesting $5625 in attorney's fees and costs. Two days later, the Estate's counsel filed a certification of services in support of the Estate's request for attorney's fees and costs in the amount of $20,869.63. East Amwell also requested a fee award of $3283.50. Lipka opposed those requests.

At the July 11, 2017 trial, Judge O'Neill considered the parties' oral arguments. In his August 4, 2017 order, the judge: (1) determined the Subdivision Approval was "no longer valid due to expiration and abandonment by the aforesaid property owners;" (2) ordered the release of the escrowed funds, with Lipka's share to be held by the township in a trust account; (3) awarded attorney's fees and costs to the Estate in the amount of $13,562.63, to Pelliccia in the amount of $4125, and to the Township in the amount of $3283.50, all to be paid from Lipka's share of the escrowed funds; (4) ordered Lipka to "provide for the ongoing maintenance of the property pending its sale, subject to . . . reimbursement of one-half of such expenses from . . . Pelliccia upon the sale of the property"; and (5) required Lipka to maintain upkeep of the property until its sale.

The judge stated his supporting findings of fact and conclusions of law in a comprehensive twenty-page Statement of Reasons accompanying his order.

Initially, the judge rejected Lipka's contention that a factual dispute existed about the development project. As the judge described, Lipka believed that if he and Kanefsky failed to complete the project, East Amwell was obligated to complete the work using the funds held in escrow. The judge disagreed and observed that the agreement "merely gave the Township the discretion to undertake improvements should the developers fail to do so."

Judge O'Neill also noted that under N.J.S.A. 40:55D-136.3, the Subdivision Approval "could have been extended for no more than six months after December 31, 2015 – or until June 30, 2016." Accordingly, he concluded that "[u]nder a straightforward interpretation of the Permit Extension Act, the approvals under review [had] expired and [were] no longer valid." Judge O'Neill further determined that, in light of Lipka's agreement under the consent order to pay 100% of the real estate taxes, subject to 50% reimbursement after the sale of the property, it was "reasonable and equitable to require [him] to provide for such maintenance of the property pending its sale." With respect to the Estate's, the Township's, and Pelliccia's requests for attorney's fees and costs out of a fund in court, the judge determined that awarding fees was appropriate because Lipka continued "to insist upon positions that [were] neither factually nor legally supportable."

8

Lipka filed his motion for reconsideration that the court denied on October 4, 2017.[2] In another written Statement of Reasons, Judge O'Neill quoted D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990), and found Lipka failed to demonstrate that the judge "based [his] decision 'upon a palpably incorrect or irrational basis,' or that [he] 'did not consider, or failed to appreciate the significance of probative competent evidence.'" The judge concluded Lipka's motion papers were "merely a rehashing of the arguments presented to the court during the earlier proceedings."

The Estate later filed a motion requesting additional attorney's fees in the amount of $2534.72 for those incurred to defend against Lipka's motion for reconsideration, and for frivolous litigation, under N.J.S.A. 2A:15-59.1. On December 19, 2017, Judge O'Neill granted the motion, directing that $2534.72 in attorney's fees and costs be deducted from Lipka's share of the escrowed funds held by East Amwell. The judge explained that the Estate was entitled to the fees under the "Fund in Court" rule, Rule 4:42-9(2), as well as the frivolous litigation statute.

---

[2] Contrary to Rule 2:6-1, Lipka did not include copies of his motion or any supporting papers that were filed with his motion or in opposition by any other party.

Prior to the judge's entry of the order awarding counsel fees, on November 17, 2019, Lipka filed this appeal, but only from the court's October 4, 2017 order. He never amended his NOA to include any of the judge's prior orders or the December 19, 2017 order.

On appeal, Lipka makes four arguments, three of which he never raised before Judge O'Neill. Specifically, he contends for the first time on appeal that the Estate's action seeking the release of the funds was barred by both the consent order entered in the earlier action and by the Entire Controversy Doctrine. He also contends that the judge's award of counsel fees under the "Fund in Court" exception to the rule that litigants should bear their own costs and fees was improper. Finally, he contends that he "never abandoned the [Developer's] Agreement," as he had argued in opposition in the trial court.

At the outset, we again observe that Lipka never appealed from the judge's August 4, 2017, June 28, 2017, or December 17, 2017 orders. We will not consider any challenges related to an order not identified in a NOA or in an Appellate Case Information Statement (CIS). See Campagna ex rel. Greco v. Am. Cyanamid Co., 337 N.J. Super. 530, 550 (App. Div. 2001) (refusing to consider order not listed in notice of appeal); Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div. 1994), aff'd o.b., 138 N.J. 41 (1994) (issue

10

raised in brief but not designated in notice of appeal not properly before court). Our withholding review where an order is not identified applies to orders underlying an order denying a motion for reconsideration. "[I]f the notice designates only the order entered on a motion for reconsideration, it is only that proceeding and not the order that generated the reconsideration motion that may be reviewed." Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1 (2019); see also Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 461 (App. Div. 2002) (reviewing only the court's denial of the plaintiff's motion for reconsideration, and not the court's previous order granting summary judgment, because only the order denying reconsideration was designated in the NOA).[3]

Even if Lipka properly identified the August 4, 2017 order in his NOA, we would still not consider his arguments that were not raised before the trial judge. "It is a well-settled principle that [we] will decline to consider questions

_____

[3] If Lipka's CIS identified the August 4, 2017 order, we would consider his appeal to be from that order as well. However, his CIS only incorrectly stated that "[p]laintiff was granted summary judgment[, Lipka] filed a motion for leave to file an[] interlocutory appeal[, and] [t]hat was denied." We do not consider his references as sufficient compliance with the requirements of Rule 2:5-1(f). See Silviera-Francisco v. Bd. of Educ. of Elizabeth, 224 N.J. 126, 142 (2016) (stating an order "clearly identified . . . in [a] Case Information Statement submitted with [a] Notice of Appeal" is deemed properly before the court for review).

or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins., 62 N.J. 229, 234 (1973) (quoting Reynold Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)).  None of these exceptions apply to Lipka's arguments.

We also observe that Lipka's brief does not mention the denial of reconsideration nor does it contain any arguments relating to that order. Moreover, as already noted in his appendix, Lipka did not include the motion or any of the papers that he or the other parties filed.  Under these circumstances, Lipka's challenge to the only order under appeal is deemed to have been waived. See R. 2:6-2(a)(6); N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015); ("An issue that is not briefed is deemed waived upon appeal"); Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (Finding that appellant waived his appeal from an order denying his motion for reconsideration where the issue was not addressed in his merits brief).

In any event, even if we consider Lipka's arguments as presented, we conclude that they lack sufficient merit to warrant discussion in a written

opinion.  R. 2:11-3(e)(1)(E).  We affirm substantially for the reasons expressed by Judge O'Neill in his well-reasoned, comprehensive written decisions.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1333-17T4